IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-118-BO
No. 5:16-CV-797-BO

| | | |
|---|---|---|
| JEFFERY B. EDMONDSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 33] and the government's motion to dismiss [DE 37]. The matters are fully briefed and ripe for adjudication. For the following reasons, the government's motion to dismiss is granted and petitioner's § 2255 petition is denied.

## BACKGROUND

On June 25, 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to commit offenses against the United States, in violation of 18 U.S.C. § 371 (Count One), and bribery, in violation of 18 U.S.C. § 201(b)(2) (Count Two). [DE 11, 13]. On September 29, 2015, petitioner was sentenced to a total of 60 months' imprisonment on Count One, and 96 months' imprisonment on Count Two, for a total of 96 months' imprisonment. [DE. 25, 27]. Petitioner did not appeal his judgment.

On September 12, 2016, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255. [DE 33, 33-1]. Petitioner first claims that he is actually innocent of Count One, because the offense involved stealing property that did not belong to the United States, but was instead property of NATO. [DE 33-1 at 3, 4]. Second, petitioner claims, assuming he is actually innocent of Count One, that he could not be guilty of Count Two because his fraud was not against the

United States. [DE 33-1 at 5]. Third, petitioner claims that his counsel was ineffective for failing to discuss these particular defenses with petitioner prior to his guilty plea. [DE 33-1 at 7]. In response, the government filed a motion to dismiss the motion for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [DE 37].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Petitioner's first claim argues that he is actually innocent of Count One, conspiracy to commit offenses against the United States, because the offense involved stealing property that belonged to NATO and not the United States. Because it was not advanced on direct appeal, this claim is procedurally defaulted unless petitioner can show cause and prejudice or actual innocence. *Dretke v. Haley*, 541 U.S. 386, 393 (2004); *United States v. Carter et al.*, 581 F. App'x 206 (4th Cir. 2014) (unpublished). To establish actual innocence, petitioner must be able

2

to show that—in light of all the evidence—it is more likely than not that no reasonable juror would have convicted him. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327–328 (1995)).

Petitioner cannot show that he is actually innocent of Count One which charged petitioner with conspiracy to violate an offense against the United States, in this case 18 U.S.C. §§ 641 and 201(b)(2). Specifically, the criminal information alleged that petitioner, along with co-conspirators, conspired to commit the following:

> [T]o knowingly and unlawfully embezzle, steal, purloin, and convert to his use, and the use of another, things of value of the United States and a department and an agency thereof . . .
> [T]o directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept something of value personally, in return for being influenced in the performance of an official act, and to defraud the United States . . .

[DE 1 at 4]. The criminal information detailed the factual basis for this charge, stating that petitioner committed this offense as a unit chief in the United States Special Forces serving with the United States Army in Afghanistan. In this position, petitioner had a responsibility to manage Transportation Movement Requests ("TMRs"). [DE 1 at 4]. TMRs were used by the military units to request transportation support for the movement of various items, including fuel. "Company A" served as the prime contractor for these TMR contracts and packaged and invoiced the costs of TMRs to the NATO support Agency, or "NSPA". [DE 1 at 5, 6]. The United States government provided advance funding to NSPA in order to cover the cost of TMRs that were executed in support of military units. NSPA drew from United States-provided funds in order to pay Company A for the cost of TMRs completed in support of petitioner's unit. [DE 1 at 2].

The criminal information alleged that petitioner, along with co-conspirators, used his position in the Army to commit an offense against the United States by creating false TMRs and

3

fraudulently certifying that the TMRs had been completed, thereby causing unlawful payments to be made for the TMRs. It also alleged that petitioner and co-conspirators facilitated the unlawful theft of U.S. fuel designated for wartime operations all in return for money, and sent these proceeds to the United States through various means designed to avoid detection. [DE 1 at 4, 5]. Petitioner pleaded guilty to this charge and admitted the factual basis for the charge outlined in the criminal information. [DE 5].

Petitioner argues in his § 2255 motion that he is actually innocent of this charge because the funds he conspired to embezzle or steal belonged to NATO, not to the United States. [DE 33-1 at 3]. However, the charge in the criminal information, to which petitioner pleaded guilty and admitted, specifically states that the pilfered funds were drawn from funds provided in advance by the United States and which were earmarked for use by the United States military. [DE 1 at 2]. The criminal information makes it clear that the United States exercised supervision and control over these funds, and that they were United States property. Therefore, when petitioner and co-conspirators caused unlawful payments to be made and facilitated the theft of fuel in return for money, they defrauded the United States. For these reasons, it is not more likely than not that a reasonable juror would not have convicted him based upon the argument he raises here, and therefore petitioner cannot show that he is actually innocent of Count One.

Petitioner's second claim in support of his motion to vacate, that he is innocent of Count Two, similarly fails. Count Two charged petitioner with bribery under 18 U.S.C. § 201(b)(2). A person is guilty of this charge if:

> [B]eing a public official or person selected to be a public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for:
> (A) being influenced in the performance of any official act;

4

> (B) being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States; or
>
> (C) being induced to do or omit to do any act in violation of the official duty of such official or person.

Petitioner argues that the he cannot be found guilty of § 201(b)(2)(A) because the conspiracy did not involve an "official act" as defined in *McDonnell v. United States*, 136 S. Ct. 2355 (2016) and that he cannot be found guilty of § 201(b)(2)(B) because the scheme defrauded NATO, and not the United States. The Supreme Court's holding in *McDonnell* is inapplicable here, because subsection (B) is the relevant part of the statute pertaining to petitioner. Petitioner's argument as to this subsection also fails because, as discussed previously, petitioner fraudulently obtained fuel paid for with United States funds, for his personal financial gain, and therefore defrauded the United States. For these reasons, petitioner cannot show that he is actually innocent of Count Two, and therefore his second claim fails.

Finally, petitioner claims ineffective assistance of counsel as a reason to vacate his sentence. In order to demonstrate that the assistance of counsel fell below the level of effectiveness guaranteed by the Sixth Amendment, petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90).

Petitioner's claim of ineffective assistance of counsel relies on his claim that he is actually innocent of these federal crimes and that his counsel was therefore deficient for advising him to plead guilty. This claim fails because, as discussed above, petitioner cannot show that he was actually innocent of these crimes. It would not have been objectively reasonable, therefore, for counsel to raise as a defense that petitioner did not commit a crime against the United States. Because petitioner cannot show that counsel acted deficiently, petitioner's claim fails under the *Strickland* test.

For these reasons, petitioner cannot state a claim upon which relief may be granted and his § 2255 petition is properly dismissed.

Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, the Court declines to grant a certificate of appealability.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 37] is GRANTED and petitioner's amended motion to vacate pursuant to 28 U.S.C. § 2255 [DE 33] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 17 day of May, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE